**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **MICHAEL WALSH,**<br>**Plaintiff**<br><br>vs.<br><br>**STATE OF RHODE ISLAND,** Department of Corrections, **ASHBEL T. WALL, II,** individually and in his official capacity as Director of the Rhode Island Department of Corrections; **GAULTER J. BOTAS,** individually and in his official capacity as a correctional officer employed by the State of Rhode Island; **KENNETH VIVEIROS,** individually and in his official capacity as a correctional officer employed by the State of Rhode; **JOHN BOUDREAU**, individually and in his official capacity as a correctional officer employed by the State of Rhode; **JOHN REIS**, individually and in his official capacity as a correctional officer employed by the State of Rhode; **ERNEST SPAZIANO**, individually and in his official capacity as a correctional officer employed by the State of Rhode; **STEPHEN MOKLER**, individually and in his official capacity as a correctional officer employed by the State of Rhode; **WILLIAM BEGONES**, individually and in his official capacity as a correctional officer employed by the State of Rhode; **JOHN DOE**, individually and in his official capacity as a correctional officer employed by the State of Rhode Island; **RON ROE**, individually and in his official capacity as a correctional officer employed by the State of Rhode Island,<br>**Defendants** | **C.A. No. 06-**<br><br>CA 06 346 ML |

**COMPLAINT**

## I. Introduction

This action is brought by the Plaintiff seeking relief for injuries suffered as a result of acts and/or omissions committed by Defendants in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, Article I, §§2, 6 and 8 of the Rhode Island Constitution and common law.

## II. Parties

1. The Plaintiff is a resident of the City of East Providence, County of Providence, State of Rhode Island.

2. Defendant State of Rhode Island ("State") is sued on the basis of official acts and/or omissions committed by employees and agents of the Department of Corrections ("DOC"), a department created pursuant to R.I.G.L. §42-56-1, et seq., within the executive branch of state government, which said State is a sovereign state of the United States and is subject to the jurisdiction of this Court in accordance with its express waiver of sovereign immunity pursuant to R.I.G.L. §9-31-1. Marrapese v. Rhode Island, 500 F.Supp. 1207 (D.R.I. 1980); Saunders v. State, 446 A.2d 748, 751 (R.I. 1982).

3. Defendant Ashbel T. Wall, II ("Wall") is the Director of the DOC, and he is responsible for, inter alia, promulgating and implementing DOC policies, including those relating to the care, safety, and protection of inmates in the custody of the DOC, supervising and approving administration of the DOC, enforcing and executing the policies and procedures of the DOC, and selecting, training, instructing, and supervising employees of the DOC, including correctional officers. R.I.G.L. §§42-56-5 and 10. Defendant Wall is sued in his individual and official capacities as Director of the DOC for his failure or refusal to carry out his foregoing obligations in breach of his duty of care owed to the Plaintiff and with deliberate indifference to and/or reckless disregard of the serious foreseeable harm posed to Plaintiff.

4. Defendant Gaulter J. Botas ("Botas") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

5. Defendant Kenneth Viveiros ("Viveiros") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

6. Defendant John Boudreau ("Boudreau") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

7. Defendant John Reis ("Reis") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

8. Defendant Ernest Spaziano ("Spaziano") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

9. Defendant Stephen Mokler ("Mokler") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

10. Defendant William Begones ("Begones") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

11. Defendant John Doe ("Doe")[1] is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

12. Defendant Ron Roe ("Roe") is sued individually and in his official capacity as a correctional officer within the DOC employed by the State.

## III. Jurisdiction

13. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367, 2201 and 2202.

## IV. Venue

[1] At this time, fictitious names are being used for those Defendants whose identities could not be established despite reasonable diligence.

14. Venue is proper in this Court since all of the Defendants reside or may found in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. **Material Facts**

15. During all relevant time periods, the Plaintiff was committed to the custody of the Department and serving a sentence of six (6) months for shoplifting at the Adult Correctional Institute ("ACI"), a State correctional institution under the management and control of Defendant Wall in his capacity as Director of the Department. R.I.G.L. §42-56-6.

16. On or about February 14, 2006, while at the Minimum Security Facility of the ACI, the Plaintiff was approached by Defendant Spaziano and accused of being in possession of tobacco cigarettes.

17. At that time, the Plaintiff admitted that he did possess 16 cigarettes that were secreted in his rectum.

18. The Plaintiff voluntarily offered to remove the cigarettes.

19. Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and Roe then transported the Plaintiff to a holding cell.

20. Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and/or Roe then instructed the Plaintiff to strip off his clothes and defecate on the floor in order to remove the cigarettes.

21. The Plaintiff complied with Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and/or Roe's order.

22. The Plaintiff then attempted to wash his hands; however, Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and/or Roe stated to the Plaintiff, "I'm not done with you yet. You're not getting off that free."

23. Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and/or Roe then told the Plaintiff to wipe the feces off the cigarettes with his fingers. The Plaintiff complied with the order.

24. Next, Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and/or Roe instructed the Plaintiff to perform a self-oral cavity search with his fingers covered in feces.

25. The Plaintiff complied and was forced to put his own feces in his mouth.

26. At this time, Defendants Spaziano, Botas, Viveiros, Boudreau, Doe, and/or Roe began laughing and asked, "How's your shit taste?"

27. Subsequently, the Plaintiff was transferred from the holding cell to a Minimum Security Facility office.

28. Defendants Spaziano, Botas, Viveiros, Boudreau, Reis, Mokler Begones, Doe and Roe then interrogated the Plaintiff regarding the cigarettes.

29. During the interrogation, Defendants Spaziano and/or Botas stated to the Plaintiff, "Don't breath on me. Your breath smells like shit."

30. Defendants Spaziano and/or Botas then struck the Plaintiff in his forehead with a phonebook.

31. The Plaintiff was then taken back to the holding cell.

32. That Defendants State and Wall failed to properly select, train, instruct, and supervise Defendants Spaziano, Botas, Viveiros, Boudreau, Reis, Mokler, Begones, Doe, and Roe relative to the proper manner in which to effectuate a lawful search of inmates such as Plaintiff and failed to promulgate and enforce measures designed to protect the health and safety of inmates such as Plaintiff.

33. That on information and belief, during all relevant time periods, a custom or

policy existed in the DOC wherein correctional officer misconduct was encouraged, acquiesced to or condoned or in which Defendants were deliberately indifferent to such misconduct.

34. The State is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of their agents, including Defendants Spaziano, Botas, Viveiros, Boudreau, Reis, Mokler, Begones, Doe, and Roe, correctional officers employed by the DOC and under the direct supervision of Defendant Wall, whose acts and/or omissions within the scope of their employment were the proximate cause of the serious injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

35. The Defendants knew or should have known that the search, assault and battery of the Plaintiff were unlawful under the circumstances. Despite such knowledge, the State, by and through their policy-making officials and agents, approved, acquiesced to, condoned, intentionally ignored, or were deliberately indifferent to the practice of routinely and unlawfully searching, assaulting and battering individuals, and failed to change or eliminate such unlawful policy.

36. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to Plaintiff's constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's civil rights and would cause Plaintiff great harm.

37. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, those described herein, Plaintiff has suffered, and will continue to suffer, severe physical pain and suffering, severe mental anguish, pain and suffering, incur expenses for medical care and treatment, deprivation of his civil rights, and other great harm.

## VI. Claims for Relief

38. Plaintiff incorporates in the counts below the allegations contained in ¶¶ 1–37 above.

### Count One
### Negligence

39. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid.

### Count Two
### Assault

40. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to reasonably fear imminent bodily harm and to sustain damages as aforesaid.

### Count Three
### Battery

41. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, intentionally engaged in unprivileged, unconsented and offensive contact with the Plaintiff, causing Plaintiff to sustain damages as aforesaid.

### Count Four
### Unreasonable Search in Violation of 42 U.S.C. §1983

42. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be illegally searched in derogation of the Plaintiff's constitutional right to be free from unreasonable searches, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of

rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Five**
**Unreasonable Search in Violation of Article I, §6 of the Rhode Island Constitution**

43. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to be illegally searched in derogation of the Plaintiff's constitutional right to be free from unreasonable searches, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

**Count Six**
**Cruel and Unusual Punishment in Violation of 42 U.S.C. §1983**

44. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, unlawfully searched the Plaintiff and caused the Plaintiff to partake in humiliating and inhumane acts, in derogation of Plaintiff's constitutional right to be free from cruel and unusual punishment, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Eighth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Seven**
**Cruel and Unusual Punishment in Violation of Article I, §8 of the Rhode Island Constitution**

45. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, unlawfully searched the Plaintiff and caused the Plaintiff to partake in humiliating and inhumane acts, in derogation of Plaintiff's constitutional right to be free from cruel and unusual punishment, causing Plaintiff to

suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, §8 of the Rhode Island Constitution.

**Count Eight**
**Deprivation of Due Process in Violation of 42 U.S.C. §1983**

46. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, unlawfully searched the Plaintiff and caused the Plaintiff to partake in humiliating and inhumane acts, in derogation of Plaintiff's right to due process of law, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Nine**
**Deprivation of Due Process in Violation of Article I, §2 of the Rhode Island Constitution**

47. Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, unlawfully searched the Plaintiff and caused the Plaintiff to partake in humiliating and inhumane acts, in derogation of Plaintiff's right to due process of law, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, §2 of the Rhode Island Constitution.

**VII. Prayers for Relief**

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, §6 of the Rhode Island Constitution by causing Plaintiff to be unlawfully searched.

2. A declaratory judgment that the Defendants, in the manner described herein, violated the Eighth and Fourteenth Amendments to the United States Constitution and Article I, §8 of the Rhode Island Constitution by causing Plaintiff to be subjected to cruel and unusual punishment.

3. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourteenth Amendment to the United States Constitution and Article I, §2 of the Rhode Island Constitution by causing or allowing Plaintiff to be violently assaulted and injured in violation of his right to due process of law.

4. An award of compensatory damages.

5. An award of punitive damages.

6. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorneys.

7. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates V. Edward Formisano, Esquire and Kenneth A. Schreiber, Esquire as trial counsel.

Plaintiff,
By his Attorneys,

Ken Schreiber (per)

Kenneth A. Schreiber (3571)
**SCHREIBER & SCHREIBER, P.C.**
37 Sockanosset Cross Road
Cranston, RI 02920
401-781-2000

Dated: July 25, 2006

V. Edward Formisano (5512)
**SINAPI, FORMISANO & CO., LTD.**
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401)944-9690
(401) 943-9040 (facsimile)